IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY L. SLAUGHTER,

    Plaintiff,                                No. CIV S-03-0851 MCE DAD P

    vs.

TOM L. CAREY, et al.,

    Defendants.                             ORDER

/

        Plaintiff, a state prisoner proceeding pro se, has filed three requests for reimbursement of amounts withdrawn from his inmate trust account in accordance with this court's May 1, 2003 order, obligating plaintiff to pay a $150.00 statutory filing fee for this action.

        In 2002, plaintiff filed a Section 1983 complaint that was later dismissed by the court without prejudice due to his failure to exhaust administrative remedies (No. CIV S-02-0051 FCD DAD).  In 2003, plaintiff filed the complaint in this action, naming the same defendants with the same allegations that were presented in his 2002 complaint.  On September 28, 2005, defendants' motion for summary judgment was granted and this action was dismissed.

        In both of plaintiff's cases, this court granted him leave to proceed in forma pauperis and instructed the California Department of Corrections to send the Clerk of the Court payments from his prison trust account each time the amount therein exceeded $10.00 until the

1

filing fees were paid in full.  Plaintiff now argues that he is entitled to reimbursement of his filing fee in this case under the holding in Owens v. Keeling, 461 F.3d 763 (6th Cir. 2006).

In Owens, a prisoner refiled a § 1983 complaint against various prison officials after the district court dismissed his initial complaint without prejudice for failure to exhaust. Owens, 461 F.3d at 772.  The prisoner claimed that he should not have to pay a second filing fee in connection with the second case.  Id. at 772.  Agreeing, the Sixth Circuit held that "when a prisoner 'refiles' a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA, the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)."  Id. at 773.  The court had previously held that prisoners filing suits concerning prison conditions were required to allege and show that they had exhausted all available state remedies.  Id. at 773.  District courts were instructed to enforce the exhaustion requirement sua sponte if defendants did not raise it by dismissing the complaint when the prisoner did not meet this pleading requirement.  Id. at 773.  The court had determined that this heightened pleading standard allowed federal district courts to avoid time-consuming evidentiary hearings and responsive pleadings.  Id. at 773.  The court concluded that "[a] prisoner who 'refile[s]' a complaint alleging the same claims regarding prison conditions after it was initially dismissed without prejudice for failure to exhaust is not 'instituting' a suit, but is merely following the particular procedure chosen by this court for curing the initial complaint's deficiency."  Id. at 773.  Accordingly, the court directed the district court to reimburse the prisoner the $150.00 he paid when he refiled his complaint.

Owens is inapplicable in this case.  Unlike the plaintiff in Owens, here plaintiff was not subject to the heightened-pleading standard the Sixth Circuit was then requiring

/////

/////

/////

/////

prisoners to meet by pleading and demonstrating exhaustion.[1] In the Ninth Circuit, defendants have always borne the burden of raising and proving the affirmative defense of failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1119 & n.13 (9th Cir. 2003). Thus, courts in the Ninth Circuit typically determine whether the plaintiff has exhausted his administrative remedies after defendants have been served and both parties have filed responsive pleadings.

In the first case filed by plaintiff with this court, for example, the court screened plaintiff's complaint and ordered the United States Marshal to serve it on three defendants. Defendants then filed a motion to dismiss on the ground that plaintiff had failed to exhaust his administrative remedies prior to bring suit. Plaintiff filed an opposition. Defendants filed a reply. The assigned magistrate judge filed findings and recommendations, and the assigned district judge adopted them in full, dismissing the case without prejudice and entering judgment. More than six months lapsed from the time plaintiff filed his complaint to the time the district judge entered judgment. Unlike the situation in Owens, the court in plaintiff's first case was not able to determine at screening whether plaintiff had met the exhaustion requirement and did not have the luxury of avoiding time-consuming responsive pleadings.

Similarly, in this second case filed by plaintiff, the court screened plaintiff's complaint and ordered the United States Marshal to serve it on three defendants. Defendants then filed a motion to dismiss on the ground that plaintiff's complaint failed to state a claim. Plaintiff filed an opposition. The assigned magistrate judge filed findings and recommendations, and the assigned district judge adopted them in full, denying defendants' motion. Defendants then filed an answer, and the parties engaged in discovery. Defendants next filed a motion for summary judgment, and plaintiff filed an opposition. The assigned magistrate judge filed findings and recommendations, and the assigned district judge adopted them in full, dismissing

---

[1] The Supreme Court has since invalidated the heightened pleading requirement discussed in Owens. Jones v. Bock, ___ U.S. ___, ___, 127 S. Ct. 910, 921 (2007) ("We conclude that failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

1  the case.  More than two years lapsed from the time plaintiff filed his complaint to the time the
2  district judge entered judgment.  Given the time and resources spent addressing plaintiff's cases,
3  it is entirely appropriate that he be required to pay the filing fee in both cases.
4         "Filing fees are part of the costs of litigation."  Lucien v. DeTella, 141 F.3d 773,
5  775 (7th Cir. 1998).  Prisoner cases are no exception.  The Prison Litigation Reform Act has no
6  provision for return of fees that are partially paid or for cancellation of the remaining fee.  See
7  Goins v. Decaro, 241 F.3d 260, 261-62 (2d Cir. 2001) (inmates who proceeded pro se and in
8  forma pauperis were not entitled to refund of appellate fees or to cancellation of indebtedness for
9  unpaid appellate fees after they withdrew their appeals).  In fact, "[a] congressional objective in
10 enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the
11 deterrent effect created by liability for filing fees.'"  Goins, 241 F.3d at 261.  Accordingly, this
12 court concludes that plaintiff is not entitled to reimbursement of his filing fee under the
13 circumstances set out above.
14         Plaintiff's January 17, 2007, April 24, 2007, and May 9, 2007 requests to
15 reimburse him for amounts withdrawn from his inmate trust account in accordance with this
16 court's May 1, 2003 order are denied.
17         IT IS SO ORDERED.
18 DATED: June 27, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
slau0851.fee

4